UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMMIE L. TERRELL,

    Plaintiff,

v.                                          CASE NO. 8:20-cv-64-WFJ-AEP

DENIS MCDONOUGH, Secretary,
Department of Veterans Affairs,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff's Motion for Relief from Judgment (Dkt. 76) and Defendant's response (Dkt. 77). After careful consideration of the submissions of the parties, the applicable law, and the entire file, the Court concludes the motion is due to be denied.

### BACKGROUND

Summary judgment was granted in favor of Defendant on October 1, 2021. Dkt. 65. Final judgment issued on October 4, 2021. Dkt. 66. On November 30, 2021, Plaintiff appealed both the order and judgment. Dkt. 68. On January 25, 2022, Plaintiff filed the instant motion seeking relief from judgment pursuant to Rule 60(b)(2) and (3). Dkt. 76. The appeal remains pending.

Plaintiff claims 1) new and fraudulently omitted evidence could not have been previously discovered because it did not exist in 2015, and 2) new evidence was discovered in other cases involving people who allegedly aided Doloresco in covering up her allegedly discriminatory practices in failing to promote certain individuals. Plaintiff also argues that this Court misapplied *Babb v. Wilkie*, 140 S. Ct. 1168 (2020), which, had it correctly applied *Babb*, would make the outcome of a new summary judgment different—a denial of summary judgment.

## APPLICABLE LAW

The district court retains jurisdiction after an appeal has been filed 1) to take action "in furtherance of the appeal" or 2) to entertain motions on matters collateral to those at issue on appeal. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) (citations omitted). The Eleventh Circuit permits the district court to consider the merits of and deny motions filed pursuant to Rule 60(b) and after the notice of appeal. *Id*. at 1180 (citations omitted). The district court, however, may not grant the motion, if it is so inclined, but instead should indicate its intention to grant the motion so that the appellant may seek remand from the appellate court. *Id*.

Rule 60(b)(2) allows relief from judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 59(b) provides 28 days after entry of judgment to file a motion for new trial. To grant the extraordinary relief under

2

Rule 60(b) requires a strict interpretation of the rule. *McGhee v. Georgia*, 204 F. App'x 809, 811 (11th Cir. 2006); *Peter E. Shapiro, P.A. v. Wells Fargo Bank, N.A.*, No. 0:18-cv-60250-UU, 2019 WL 8164772, at *2 (S.D. Fla. Oct. 7, 2019) (citing *McGhee*).[1] First, the evidence must be newly discovered since the final judgment. Second, the movant must show due diligence—the evidence could not have been discovered within 28 days after the entry of judgment. Finally, the new evidence cannot be cumulative or impeaching, must be material; and probably would produce a different result in the new judgment. *Id.*; *Waddell v. Hendry Cnty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003) (citation omitted).

Rule 60(b)(3) requires proof that an opposing party engaged in fraud, misrepresentation, or misconduct to obtain the judgment. The adverse party's actions must have prevented the moving party from fully presenting her case. *Waddell*, 329 F.3d at 1309; *Daeda v. Lee Cnty. Sch. Dist.*, No. 2:01cv567FtM-29DNF, 2006 WL 279099, at *3 (M.D. Fla. Feb. 3, 2006). The movant's burden of proof is clear and convincing. *Id.*

## DISCUSSION

Plaintiff argues that she had "roughly equal" experience to the individual selected for the position, which she claims is borne out by an official VA committee record from 2015 withheld by Doloresco. Dkt. 76 at 4 ("Doloresco's

---

[1] *See also Waddell v. Hendry Cnty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003).

decision to withhold this evidence . . ."). The report contains comparative pay grades and step levels of Plaintiff and Stephen-Rameau. Plaintiff became aware of this document "on or about January 4, 2022." *Id*. Plaintiff asserts summary judgment would not have been granted had she known about this document because a jury question would have been raised as to Doloresco's improper motives in failing to promote an equally qualified candidate—Plaintiff. Defendant counters that the document was always available to Plaintiff as part of the Report of Investigation in her own personnel file.

 The Court finds that the information on the document at issue is neither new nor would it have produced a different result. The within grade step increases and the similar pay levels shown are consistent with the "close call" Doloresco made between Plaintiff and Stephen-Rameau. Due diligence of looking into Plaintiff's personnel file could have been accomplished well before the judgment was entered, and certainly before 28 days after the judgment under Rule 60(b)(2).

 Similarly, under Rule 60(b)(3), Plaintiff has failed to demonstrate fraud by omission. Although Plaintiff asserts that "Doloresco's decision to withhold this evidence was a material omission," there are no facts supporting this bald allegation. As noted above, Plaintiff had access to the information in her own personnel file long before the judgment was entered.

4

Plaintiff claims she discovered a second important document in early October 2021—an email dated March 6, 2018. Dkt. 76 at 5. The March 2018 email was sent by Doloresco to Plaintiff and others. Not only was Plaintiff a recipient of the email, but she fails to identify any discovery request that sought the email. Plaintiff even concedes she possessed this email in early October 2021, which is the time the judgment was entered. According to Defendant, Plaintiff produced this very email to the VA in another matter concerning Dr. Marecia Bell back in 2020. Dkt. 77 at 3 (attaching the email at Ex. C). Based on these facts, Plaintiff fails to show under Rule 60(b)(2) that the email is newly discovered or that Plaintiff exercised due diligence to discover it before judgment. Nor has Plaintiff proven by clear and convincing evidence that Defendant engaged in unfair fraud under Rule 60(b)(3).

In relation to the importance of the email, Plaintiff contends it is "a reactive affirmation of roles" written in reaction to several EEO claims made against Defendant and Doloresco. Dkt. 76 at 6. Plaintiff relies on *Howard v. Roadway Exp., Inc.*, 726 F.2d 1529 (11th Cir. 1984), and *Byrd v. Roadway Exp., Inc.*, 687 F.2d 85 (5th Cir. 1982), which is cited in *Howard*. Dkt. 76 at 6–7. Citing these cases, Plaintiff intimates that the Court improperly found that no genuine issue of fact was raised solely based on the premise that another member of the same race was selected for the Chief Nurse position. This Court, however, distinguished

5

*Howard* on its facts (Dkt. 65 at 10) and was not otherwise persuaded by the record that a violation of hiring practices or any other suspect actions occurred sufficient to proceed to a jury. As stated by Defendant, this Court "simply rejected Plaintiff's illogical argument that the evidence supported a pattern of not hiring African Americans, when it appeared to show the opposite." Dkt. 77 at 6.

Plaintiff also claims she discovered evidence in other cases that could have been used in this case. Dkt. 76 at 7. Concerning new references to Dr. Bell, these were not mentioned or relied on in the summary judgment materials and are therefore improperly raised before this Court months after judgment. In any event, any information regarding Dr. Bell that was not known before judgment was entered, was discoverable within days of the judgment in this case (discovery closed in Dr. Bell's case on October 7, 2021, *see* Dkt. 77 at 4). Plaintiff fails to meet the standard of Rule 60(b)(2) or (3).

Finally, as more evidence in other cases, Plaintiff references the deposition taken October 6, 2021, of Raina Rochon, "a black [who] had less overall experience than the Plaintiff." Dkt. 76 at 10. Notably, Plaintiff withdrew her application for consideration for the position Ms. Rochon received. Dkt. 77 at 6. Moreover, Plaintiff already addressed Ms. Rochon and Mary Alice Rippman in the submissions on summary judgment. Plaintiff is improperly attempting to relitigate, or have this Court reconsider, her case by means of a motion for relief from

judgment, which Rule 60(b) does not condone. *See Miller v. Rice*, No. 8:02-cv-1080-T-24MSS, 2006 WL 1883450, at *2 (M.D. Fla. July 2006) (finding Rule 60(b) does not permit re-litigation or reconsideration of the claims and defenses).

Based on the foregoing reasons, Plaintiff's motion for relief from judgment (Dkt. 76) is denied.

**DONE AND ORDERED** at Tampa, Florida, on February 22, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of record